THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. _-__-CV-_____-_

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICOLAS GAMES S.A., <br><br> Defendant. | **COMPLAINT** <br> Fed. R. Civ. P. 3 |

Plaintiff, Epic Games, Inc. ("Epic"), for its Complaint against Defendant, Nicolas Games S.A. ("Nicolas"), states as follows:

### The Parties

1. Epic is a Maryland corporation with its principal place of business in Cary, North Carolina.

2. Nicolas is a Polish Joint Stock Company with its principal place of business in Katowice, Poland.

### Jurisdiction and Venue

3. This case arises under the laws of the United States, including, without limitation, the copyright laws, 17 U.S.C. § 101 et seq., with pendent claims arising under the laws of the State of North Carolina. This Court has jurisdiction under several sections of the United States Code including 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Venue is proper under 28 U.S.C. § 1391.

### General Factual Allegations

4. Epic is, and since 1991 has been, engaged in the business of designing, developing, and publishing computer games.

5. In addition to developing computer games, Epic also creates and licenses proprietary game development tools, specifically game engines. Epic's game engines consist of computer code that provides both a set of tools to enhance game development effectiveness and core capabilities used in the games themselves. The core capabilities include, but are not limited to, graphics rendering, audio, scripting, animation, artificial intelligence, and networking.

6. Epic has been licensing its third-generation game engine, Unreal Engine 3 ("UE3"), since 2004. Since that time, UE3 has been used by Epic and other game developers under license with Epic to develop games for play on multiple hardware platforms, including the Xbox 360, PlayStation 3 ("PS3"), personal computers using the Windows operating system ("PC"s), personal computers using the Apple operating system ("Mac"s), and mobile devices using the Apple iOS operating system.

7. UE3 is a copyrighted work protected by the copyright laws of the United States. Epic owns the copyrights in UE3 and has registered those copyrights in the United States Copyright Office as follows:

| Title of the Work | Registration No. | Date of Registration |
|---|---|---|
| Unreal Engine 3 | TXu-1-191-809 | August 31, 2004 |
| Unreal Engine 3 | TXu-1-258-266 | August 31, 2005 |
| Unreal Engine 3 | TXu-1-282-154 | January 6, 2006 |
| Unreal Engine 3 | TXu-1-310-876 | June 9, 2006 |
| Unreal Engine 3 | TXu-1-320-035 | September 26, 2006 |
| Unreal Engine 3 | TXu-1-337-185 | November 7, 2006 |
| Unreal Engine 3 | TXu-1-586-555 | October 4, 2007 |
| Unreal Engine 3 | TXu-1-571-936 | February 15, 2008 |
| Unreal Engine 3 | TXu-1-582-588 | August 1, 2008 |
| Unreal Engine 3 | TXu-1-652-468 | October 5, 2009 |
| Unreal Engine 3 | TxU-1-672-144 | February 11, 2010 |
| Unreal Engine 3 | TxU-1-698-448 | April 29, 2010 |
| Unreal Engine 3 | TXu-1-812-400 | May 27, 2012 |

Epic's copyright registrations are valid, subsisting, and enforceable.

8. Nicolas began operation in 2004 as a computer-game distributor focused on providing Polish-language versions of games developed by other companies. In 2009, Nicolas began development of its own computer game, *Afterfall: Insanity*.

9. Effective April 18, 2011, Epic and Nicolas entered into the UNREAL® ENGINE 3 LICENSE AGREEMENT (the "License Agreement"). A redacted copy of the License Agreement, including Exhibit A, is contained in Exhibit 1—the License Agreement is redacted to protect Epic's sensitive business information; Exhibits B – D are omitted as unrelated to Epic's claims in this proceeding. Pursuant to the terms of the License Agreement, Epic, inter alia, granted Nicolas a nonexclusive, and terminable license to use UE3 for the purpose of developing a computer game with the working title of *Afterfall* (the "Authorized Product") on the Xbox 360, PS3, PC, and Mac platforms (the "Authorized Platforms"). In exchange, Nicolas agreed, inter alia, to pay Epic a non-recoupable, non-refundable license fee payment (the "Initial License Fee") as well as license fee royalty payments (the "License Fee Royalty") according to the provisions in § 3 of the License Agreement.

10. Epic has satisfied all of its obligations under the terms of the License Agreement. Nicolas has received Gross Licensee Revenue, as defined in the License Agreement, subject to the License Fee Royalty. As a result, License Fee Royalties are due and payable to Epic.

11. Effective October 14, 2011, Epic and Nicolas entered into the UNREAL® ENGINE 3 SUPPORT AGREEMENT (the "Support Agreement"). A redacted copy of the Support Agreement is contained in Exhibit 2—the Support Agreement is redacted to protect Epic's sensitive business information. Pursuant to the terms of the Support Agreement, Epic agreed, inter alia, to use commercially reasonable efforts to provide Nicolas with updates to UE3 that Epic provided to other UE3 licensees and technical support via email. In exchange, Nicolas

agreed, inter alia, to pay Epic the Support Fee according to the provisions in § 4 of the Support Agreement.

12. Epic has satisfied all of its obligations under the terms of the Support Agreement. The Support Fee is due and payable to Epic.

13. Nicolas failed to make any of the payments due under either the License Agreement or the Support Agreement despite repeated correspondence from Epic informing Nicolas that it was in breach of the agreements for failure to satisfy its payment obligations.

14. On or about April 26, 2012, Epic provided Nicolas with written notification that both the License Agreement and the Support Agreement would terminate effective 5 p.m. EST on May 4, 2012 if Epic had not received payment in full for all amounts due and unpaid as of that date. Again, Nicolas failed to make any payments due under either the License Agreement or the Support Agreement.

15. With the termination of the License Agreement on May 4, 2012, Nicolas ceased to have any right to the use of UE3. Further, pursuant to § 9(c) of the License Agreement, the termination triggered positive obligations on the part of Nicolas with respect to copies of the Authorized Product and UE3.

16. By letter dated May 8, 2012, Epic reminded Nicolas of those obligations:

- With respect to physical copies of the Authorized Product (e.g., DVDs, CDs, etc.) Nicolas was obligated to provide, within 30 days of the effective date of termination, to Epic an itemized statement specifying the number of Authorized Products remaining in its inventory or under its control at the time of the effective date of termination. With respect to all other copies of the Authorized Product (e.g., products available for

download), distribution had to cease as of the effective date of termination.

- Nicolas was obligated to cease any further use of Epic's Confidential Information, Trademarks, UE3, Derivative Technology of UE3, and any Epic Intellectual Property Rights therein.

- Nicolas was obligated immediately to destroy all copies of UE3 and Derivative Technology of UE3, and to provide Epic with an affidavit of destruction and an itemized statement indicating the number of copies or units destroyed, the location and date of such destruction, and the disposition of the remains of such destroyed materials.

Epic received no response to its correspondence. Nicolas failed to satisfy any of its obligations under § 9(c) of the License Agreement.

17. Epic, by letter dated July 6, 2012 and posted to the address of Nicolas registered in the National Court Register (ul. Graniczna 54 (40-018 Katowice), again demanded that Nicolas cease using UE3 and reminded Nicolas of its contractual obligations. At that time, Nicolas engaged in conduct having the purpose or the effect of evading communication with Epic. Nicolas failed to collect the letter, and Epic was informed that the recipient is no longer at the address. Nicolas also failed to inform Epic about any change of its physical address or its address for service.

18. On October 5, 2012, Epic moved the Circuit Court in Katowice, Thirteenth Commercial Division for injunctive relief to force Nicolas to (1) cease infringing Epic's copyright in UE3, (2) destroy all copies of UE3 in its possession, and (3) destroy all copies of the computer game *Afterfall: Insanity* in its possession, specifically by ordering Nicolas to take the following actions: (1) stop using UE3, in particular with respect to the manufacture, sale, and

distribution of *Afterfall: Insanity*; (2) stop manufacturing and other preparatory actions for the purpose of launching *Afterfall: Insanity* for consoles, including the Xbox 360 platform; stop the manufacture, sale, and distribution of any game, including any sequel to *Afterfall: Insanity*, based on UE3 technology; (4) provide all physical storage media (e.g., CDs, DVDs, and hard drives) in Nicolas's possession on which UE3 is recorded; and (5) provide all physical storage media (e.g., CDs, DVDs, and hard drives) in Nicolas's possession on which *Afterfall: Insanity* is recorded. Epic also informed the Katowice Court that this Court has jurisdiction over the dispute.

19. The Katowice Court granted the injunction on November 5, 2012 subject to Epic filing an appropriate claim in this Court. The Katowice Court informed Epic of its decision on November 12, 2012.

20. *Afterfall: Insanity* remains available for purchase in both physical (DVD) and digital (network distribution) versions in Poland, the U.S., and other countries. The game is available in stores (Saturn and MediaMarket), online (Amazon.com), and for download (GameStop, Saturion, and Komputronik).

21. Nicolas admits to using UE3 to develop *Afterfall: Insanity* on its official websites. Information about use of UE3 is printed on the box for the game and appears on the splash screen in the game. Further, in financial statements published after termination of the License Agreement, Nicolas informed investors that it intended to develop the game for additional platforms and to expand distribution by selling the game through additional digital distribution channels. Nicolas has not informed investors of the termination of the License Agreement.

### First Claim for Relief
(Copyright Infringement)

22. Epic incorporates the allegations in paragraphs 1-21 of this Complaint. Epic owns, and at all relevant times has owned, the copyrights in UE3.

23. Nicolas admits in the License Agreement that Epic owns all copyrights in UE3.

24. At all relevant times, Nicolas has had access to and used Epic's copyrighted work, UE3. Nicolas has infringed, and continues to infringe, Epic's copyrights in UE3 by continuing to take at least the following actions after termination of the License Agreement and without Epic's permission: (1) copying UE3; (2) creating derivative works containing UE3 in whole or in part; and (3) distributing copies of UE3 in connection with distribution of *Afterfall: Insanity*.

25. Nicolas's infringement has at all times been, and continues to be, willful.

26. As a proximate result of Nicolas's infringement, Epic has been, and will continue to be, damaged and irreparably harmed by Nicolas's infringing acts.

## Second Claim for Relief
## (Breach of Contract)

27. Epic incorporates the allegations in paragraphs 1-26 of this Complaint.

28. Epic and Nicolas have entered into at least two separate and enforceable contracts: the License Agreement and the Support Agreement.

29. Epic has satisfied all of its obligations under the License Agreement.

30. All conditions precedent to Nicolas's obligation to pay the License Fee Royalty under the License Agreement have been satisfied.

31. Nicolas breached the License Agreement by failing to satisfy the following:

   a. payment obligations under § 3 of the License Agreement as and when the payments became due and payable; and

   b. obligations under § 9 of the License Agreement after Epic notified Nicolas of the termination of the License Agreement.

32. Epic has satisfied all of its obligations under the Support Agreement.

33. Nicolas has breached the Support Agreement by failing to satisfy its payment obligations under § 4 of the Support Agreement as and when the amounts became due and payable.

34. Nicolas continues to breach both the License Agreement and the Support Agreement by failing to make payments. To date Nicolas has failed to pay any amounts due under either agreement. Nicolas also continues to breach the License Agreement by failing to meet its ongoing obligations with respect to UE3 and the Authorized Product after termination of the License Agreement.

35. As a proximate result of Nicolas's breaches of the License Agreement and the Support Agreement, Epic has been damaged in an amount to be determined and proven at trial.

36. Nicolas's wrongful conduct is continuing, and Epic has no adequate remedy at law. Accordingly, in addition to an award of compensatory and punitive damages, Epic is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Epic prays that the Court grant it the following relief:

    a. As to the First Claim, (i) an award of actual damages and profits or, at Epic's election, statutory damages pursuant to section 504 of the Copyright Act, 15 U.S.C. § 504, (ii) an award of full costs and attorney's fees pursuant to section 505 of the Copyright Act, 15 U.S.C. § 505, (iii) an injunction pursuant to section 502 of the Copyright Act, 15 U.S.C. § 502, and (iv) an order that all infringing code, games, and other articles be destroyed pursuant to section 503 of the Copyright Act, 15 U.S.C. § 503.

    b. As to the Second Claim, an award of compensatory damages sufficient to compensate Epic for Nicolas's wrongful conduct in the following amounts and in amounts to be proven at trial: (1) payment of the License Fee Royalty in an amount to be determined by an

audit of Nicolas's records.; (2) payment of the Support Fee in the amount specified in the Support Agreement.

    f.  Such other relief, including such other injunctive relief, as the Court deems proper.

    g.  An award of costs.

## VERIFICATION

I certify that the allegations contained in this Complaint are true and correct to the best of my knowledge, information, and belief.

By: /s/ Joseph Wilbur
Joseph Wilbur
Vice President, Business Development
Epic Games, Inc.

Sworn to and subscribed before me
this 26th day of November 2012

Notary Public Anne F. Dube

My Commission Expires:

3/7/2016

ANNE F. DUBE
Notary Public, North Carolina
Wake County
My Commission Expires
3/7/2016

Dated: This the 26th day of November, 2012.

                HUNTON & WILLIAMS LLP

            By: /s/ R. Dennis Fairbanks
                Douglas W. Kenyon
                N.C. State Bar No. 13242
                R. Dennis Fairbanks
                N.C. State Bar No. 33572
                HUNTON & WILLIAMS LLP
                Post Office Box 109
                Raleigh, North Carolina 27602
                Telephone: (919) 899-3000

                Canon I. Pence
                N.C. State Bar No. 36989
                Epic Games, Inc.
                620 Crossroads Boulevard
                Cary, N.C. 27518

                *Counsel for Plaintiff Epic Games, Inc.*